IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bruce C. French, | Case No. 3:08 CV 421 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jerry Batt, | |
| Defendant. | |

## INTRODUCTION

On January 31, 2008, Plaintiff, Bruce French, Trustee for the Bankruptcy proceeding of Nicholas Custom Homes, Ltd (Debtor), filed a Complaint (Doc. No. 1) seeking recovery of $62,385 from Defendant Jerry Batt. The Trustee asserts that payments made by Debtor in the underlying Chapter 7 bankruptcy proceeding (Case No. 06-31171) were preferential under 11 U.S.C. §547 (made to a creditor while Debtor was insolvent and "on or within 90 days before the date of the filing of the [bankruptcy] petition"). This matter was removed from the Bankruptcy Court after Defendant demanded a jury trial (Case No. 08-MC-16, Doc. No. 4).

Pending before this Court is Plaintiff's Motion to Amend the Complaint (Doc. No. 12) and Defendant's Opposition (Doc. No. 14).

## STATUTORY STANDARD

Under 11 U.S.C. § 548, "the trustee may avoid any transfer of an interest of the debtor in property, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily made such a transfer with actual intent to hinder, delay, or

defraud." 11 U.S.C. §546(a)[1] sets forth a one year or two year time limit on asserting claims under Section 548.

**ANALYSIS**

Defendant Batt alleges the time limit for filing an action for the recovery of fraudulent conveyances under Section 548 has expired. Under Section 546(a), an action or proceeding by a trustee under Section 548 to recover fraudulent conveyances must commence within two years of the entry of the order for relief or one year after the appointment or election of the first trustee in the underlying bankruptcy proceeding.

The Trustee may commence a claim under Section 548 up to two years after the bankruptcy petition is filed. *See* 11 U.S.C. § 546(a)(1)(A). The Debtor filed for relief in the Bankruptcy Court on May 22, 2006; the Trustee filed his Motion to Amend in this case on June 4, 2008, beyond the two year deadline.

Section 546(a)(1)(B) permits the Trustee to bring a claim under Section 548 up to one year after appointment of the first trustee in the bankruptcy action. The bankruptcy docket does not state when the first trustee, Douglas Dymarkowski, was appointed. However, it does show he was terminated on June 16, 2006, and therefore he must have been appointed prior to that date. Even

---

[1]

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--

(1) the later of--
    (A) 2 years after the entry of the order for relief; or
    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
(2) the time the case is closed or dismissed.

The bankruptcy action is still pending, and therefore, Section 546(a)(2) does not apply.

using the termination date of June 16, 2006, the Trustee had until June 16, 2007 to commence a fraudulent conveyance claim. This pending Motion to include a fraudulent conveyance claim was not filed until June 6, 2008, well beyond the one year statutory deadline.

## CONCLUSION

Each of the deadlines in 11 U.S.C. § 546(a)(1) has now expired and the filing of a fraudulent conveyance claim is barred. The Motion to Amend is denied.

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                       JACK ZOUHARY
                                       U. S. DISTRICT JUDGE

June 20, 2008